IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DARL E. VANMETER,

        Petitioner,

v.                                         Civil Action No. 2:14cv77
                                          Criminal Action No. 2:12cr12-1
                                          (Judge Bailey)

UNITED STATES OF AMERICA,

        Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On September 19, 2014, the *pro se* Petitioner, an inmate then-incarcerated[1] at FCI Fort Dix, in Fort Dix, New Jersey, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Dkt.# 137). On September 23, 2014, the undersigned made a preliminary review of the petition and found that summary dismissal was not warranted. Accordingly, the respondent was directed to file an answer. On October 15, 2014, the respondent filed its answer. (Dkt.# 144). Petitioner never filed a reply. However, on February 27, 2015, Petitioner filed a *pro se* motion to reduce his sentence; it was denied by Order entered March 31, 2015.

This matter, which is pending before me for report and recommendation pursuant to LR PL P 2, is ripe for review.

### II. Facts

#### A. Conviction and Sentence

On March 20, 2012, the Grand Jury returned a nine-count indictment against Petitioner and several co-defendants, charging Petitioner in four drug and conspiracy-related counts.

---

[1] Petitioner is presently incarcerated at FCI Schuylkill, in Minersville, Pennsylvania.

1

On June 4, 2012, Petitioner signed a plea agreement, agreeing to plead guilty to Count Three of the indictment, charging him with possession of material used in the manufacture of methamphetamine, in violation of Tile 21, U.S.C. §§843(a)(6) and (d)(2). The plea agreement did not contain a waiver of appellate and collateral attack rights. Petitioner entered his plea in open court the same day. (Dkt.# 130). Petitioner testified that he could read write and understand the English language. (Id. at 9 - 10). He reported that he was 29 years old and had earned a GED and "some college." (Id. at 9). He denied having taken any medicine, drugs or alcohol within the preceding 24 hours. (Id. at 10 - 11). He denied having received treatment for mental illness or addiction to narcotics within the previous 60 days. (Id. at 10). He denied suffering from any mental, physical, emotional or psychiatric problem affecting his ability to hear, understand, respond, confer with counsel or make decisions about his case. (Id. at 11). He denied having any hearing impairment or other disability that would prevent his full participation in the hearing. (Id. at 10).

The Assistant U.S. Attorney ("AUSA") read aloud or summarized the entire plea agreement in open court. (Id. at 5 – 7). Petitioner did not object to any part of the plea agreement. (Id. at 7). He testified that he had reviewed the plea agreement in detail with his attorney before signing it. (Id. 17). The Court asked Petitioner if he had been promised anything else that was not contained in the written plea agreement and Petitioner said that he had not. (Id. at 17 - 18). The Court then reviewed all the rights Petitioner was giving up by pleading guilty. (Id. at 20 - 25). During the plea hearing, the Government presented the testimony of David Kyle Frazier, a law enforcement officer with the United States Forest Service, to establish a factual basis for the plea. (Id. at 27 - 31). Petitioner's counsel cross examined the witness when given

the opportunity. (Id. at 30 -31). Petitioner did not object to the witness' characterization of the events.

Before the Government presented the factual basis of the plea, the Petitioner advised the Court that he was guilty of Count Three of the indictment. (Id. at 26). The Petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 20). In addition, he testified that the plea was not the result of any promises or inducements, other than those contained in the plea agreement. (Id. at 18). The Petitioner testified that his attorney had adequately represented him; fully discussed all the issues with him and answered his questions; that there was nothing his attorney did not do that he thought should have been done, and nothing he thought that counsel should have done on his behalf that he did not do; that neither he nor his attorney had found any defense to the charge; and that he was completely satisfied with counsel. (Id. at 13 – 17 and 22 - 23). Finally, Petitioner said that he was in fact guilty of the crimes to which he was pleading guilty. (Id. at 20). At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily; that the Petitioner understood the consequences of pleading guilty; that the elements of the crime were established; and that the basis in fact for the guilty plea had been shown. (Id. at 32). The Petitioner did not object to the Court's finding.

On August 21, 2012, Petitioner was sentenced below the guidelines, to 96 months imprisonment, to be followed by three years of supervised release.

**B. Appeal**

On August 28, 2012, through counsel, Petitioner filed a notice of appeal. On appeal, Petitioner challenged the substantive reasonableness of his sentence, contending that it was greater than was necessary to accomplish the goals of 18 U.S.C. §3553(a), particularly

rehabilitation. By unpublished *per curiam* opinion dated March 29, 2013, the Fourth Circuit affirmed the judgment of the district court.[2] Petitioner filed a petition for a writ of *certiorari,* which was denied on October 7, 2013.

## C. Federal Habeas Corpus

### Petitioner's Contentions

In a petition filed without a memorandum in support, Petitioner contends that

1) his guilty plea was taken by a federal magistrate judge instead of a district judge, a matter that was "too important to be left in place of magistrate court even with . . . [Petitioner's] consent;"[3]

2) counsel was ineffective during the sentencing process, because he did not contest Petitioner's criminal history points and category;[4]

3) his sentence was unreasonable, because his crime was "totally to feed . . . [his] addiction" and his PreSentence Investigation Report ("PSR") "plainly states that . . . [he] was not a for profit manufacturer[.]"[5]

As relief, he requests that the court vacate and set aside the judgment and re-sentence him.

### Government's Response

The Government moves the court to deny the petition, arguing that in Petitioner's Ground One claim, pursuant to Fourth Circuit law, absent objection from a defendant, a magistrate judge may take a guilty plea; moreover, this claim is procedurally defaulted, because it should have

---

[2] (4th Cir. Dkt.# 23)(12-4696).

[3] Dkt.# 137 at 4.

[4] Id. at 5.

[5] Id. at 7.

been raised on appeal. Petitioner's Ground Two claim of error regarding counsel's ineffectiveness regarding his sentence is not cognizable in a §2255 motion. Finally, Petitioner's Ground Three claim regarding the reasonableness of his sentence has already been raised and rejected on appeal, thus, it is barred as well.

### III. Analysis

#### A. Burden of Proof

"A Petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. §2255. A motion collaterally attacking a Petitioner's sentence brought pursuant to §2255 requires the Petitioner to establish his grounds by a preponderance of the evidence." Sutton v. U.S.A., 2006 WL 36859 *2 (E.D. Va. Jan. 4, 2006).

#### B. Procedural Default

Before evaluating the merits of Petitioner's claims, the Court must determine which of his issues he may bring in his §2255 motion and which are barred either because they are not appropriately raised in a §2255 motion or because Petitioner's failure to raise them on direct appeal is not excused.

It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). See also Herman v. United States, 227 F.2d 332 (4th Cir. 1955). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a §2255 motion so long as the Petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice"

resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

Here, Petitioner's Ground One claim that regardless of his consent, it was improper for a magistrate judge to accept his plea, is a constitutional error that should have been raised on direct appeal. Petitioner has neither shown cause for why he failed to bring this claim on appeal, nor has he even attempted to show prejudice. He has not made a showing of factual innocence, so he has not proven that it would be a miscarriage of justice for the court to entertain the claim, and it should be denied. Maybeck, 23 F.3d at 891. Further, his Ground 3 claim that his sentence is unreasonable and his Ground Two claim that counsel was ineffective for not contesting his "overstated" criminal history category, resulting in a 50-month sentencing disparity relative to his co-defendants' sentences,[6] is merely an attempt to couch yet another attack on the reasonableness of his sentence as a claim that counsel was ineffective for not preventing it. To the extent that Petitioner requests this court to review these issues on their merits, the court is barred from doing so because the claim has already been raised and rejected on direct appeal. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); see also United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993) (holding that the mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court.").

## IV. Recommendation

---

[6] Id. at 5.

For the foregoing reasons, the undersigned recommends that Petitioner's §2255 motion (Dkt.# 137) be **DENIED** and that this matter be **DISMISSED with prejudice.**

Within **fourteen (14) days** after being served with a copy of this recommendation, **or by September 22, 2015,** any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket and to transmit a copy electronically to all counsel of record.

DATED: September 8, 2015

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE